UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLIE VERNON SMALL, JR.,

Petitioner,

vs.                                                        Case No. 3:20-cv-166-HES-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

Respondents.
_____

**ORDER**

## I.  STATUS

Petitioner, Charlie Vernon Small, Jr., previously attacked his underlying

conviction for sexual activity with a child while in familial or custodial

authority.   The Court takes judicial notice of Case No. 3:10-cv-94-HLA-JBT.

The Court denied his habeas corpus petition.   Id. (Doc. 22).   Petitioner did not

appeal.   He is currently proceeding on a Petition Under 28 U.S.C. § 2254 for

Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1).   He

challenges a state court (St. Johns County) conviction for violation of probation

for the previously mentioned offense.   Respondents filed a Response to Petition (Response) (Doc. 12).   Petitioner filed a reply (Reply) (Doc. 14).[1]

Petitioner raises nine grounds of ineffective assistance of counsel in the Petition.   Respondents calculate the Petition is timely.   Response at 6-7. Petitioner accepts this calculation.   Reply at 1.   Respondents posit that all of the claims are exhausted.   Response at 7.

## II.   EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing."   Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017).   To be entitled to an evidentiary hearing, a petitioner must allege "facts that, if true, would entitle him to relief."   Martin v. United States, 949 F.3d 662, 670 (11th Cir.) (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)) (citation omitted), cert. denied, 141 S. Ct. 357 (2020). See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need),

---

[1] Respondents filed an Appendix (Doc. 12).   The Court hereinafter refers to the exhibits contained in the Appendix as "Ex."   The Court references the docket and page numbers assigned by the electronic filing system, if applicable.

2

cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).

Of note, "[w]here a petitioner fails to allege sufficient facts to satisfy the prejudice prong of the Strickland[2] standard, it is unnecessary to hold an evidentiary hearing to resolve disputed facts relating to the allegedly deficient performance of trial counsel." Barksdale v. Dunn, No. 3:08-CV-327-WKW, 2018 WL 6731175, at *108 (M.D. Ala. Dec. 21, 2018) (not reported in F. Supp.) (citing Bester v. Warden, 836 F.3d 1331, 1339-40 (11th Cir. 2016)), cert. denied, 2021 WL 1520857 (U.S. April 19, 2021) (No. 20-6498). Furthermore, if the allegations are contradicted by the record, patently frivolous, or based upon unsupported generalizations, the court is not required to conduct an evidentiary hearing. Martin, 949 F.3d at 670 (quotation and citation omitted). Here, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Upon review, Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief; therefore,

---

2 Strickland v. Washington, 466 U.S. 668 (1984).

the Court finds Petitioner is not entitled to an evidentiary hearing.   <u>Schriro v.</u>

<u>Landrigan</u>, 550 U.S. 465, 474 (2007).

## III.  HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner

"only on the ground that he is in custody in violation of the Constitution or

laws or treaties of the United States."   <u>Lee v. GDCP Warden</u>, 987 F.3d 1007,

1017 (11th Cir. 2021) (quoting 28 U.S.C. § 2254), <u>petition for cert. filed</u>, (U.S.

Sept. 22, 2021).   For issues previously decided by a state court on the merits,

this Court must review the underlying state-court decision under the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   In doing so,

a federal district court must employ a very deferential framework.   <u>Sealey v.</u>

<u>Warden, Ga. Diagnostic Prison</u>, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation

omitted) (acknowledging the deferential framework of AEDPA for evaluating

issues previously decided in state court), <u>cert. denied</u>, 141 S. Ct. 2469 (2021);

<u>Shoop v. Hill</u>, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA

imposes "important limitations on the power of federal courts to overturn the

judgments of state courts in criminal cases").

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state

court's decision on the merits was 'contrary to, or involved an unreasonable

application of,' Supreme Court precedent, or 'was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th Cir. 2021) (citing 28 U.S.C. § 2254(d)(1)-(2)), petition for cert. filed, (U.S. Aug. 27, 2021).   The Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).    "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court precedents "but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413, 120 S. Ct. 1495.

Lee, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.  McKiver, 991 F.3d at 1364.

This is a high hurdle, not easily surmounted.   If the state court applied clearly established federal law to reasonably determined facts when determining a claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'"  Shinn v. Kayer, 141 S. Ct. 517, 520 (2020) (per curiam)

5

(quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011)).   Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).   "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary."   <u>Sealey</u>, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)).   <u>See</u> <u>Hayes v. Sec'y, Fla. Dep't of Corr.</u>, 10 F.4th 1203, 1220 (11th Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal requirement, applicable to all federal habeas proceedings of state prisoners, set forth in 28 U.S.C. § 2254(e)(1).   This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. <u>Brannan v. GDCP Warden</u>, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), <u>cert. denied</u>, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference."   <u>Dallas v. Warden</u>, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting <u>Brumfield v. Cain</u>, 576 U.S. 305, 314 (2015)), No. 20-7589, <u>cert. denied</u>, 2021 WL 4507902 (U.S. Oct. 4, 2021).   As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding.   <u>Id</u>. (quotation and citation omitted).

6

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are "governed by the familiar two-part Strickland standard." Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), cert. denied, 141 S. Ct. 2471 (2021). Pursuant to this standard, "a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Strickland, v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). We need not address both prongs if a petitioner makes an insufficient showing on one prong. Id. at 697, 104 S. Ct. 2052." Fifield v. Sec'y, Dep't of Corr., 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam), petition for cert. filed, (U.S. Oct. 14, 2021) (No. 21-5959).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

7

defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'" Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th Cir. 2021) (quoting Strickland, 466 U.S. at 687). Additionally,

> because "[t]he standards created by Strickland and § 2254(d) are both 'highly deferential,' . . . when the two apply in tandem, review is 'doubly' so. Harrington [v. Richter, 562 U.S. 86, 105 (2011)] (internal citations and quotation omitted). Thus, under § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Tuomi v. Sec'y, Fla. Dep't of Corr., 980 F.3d 787, 795 (11th Cir. 2020), cert. denied, 141 S. Ct. 1721 (2021).

With respect to an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The ineffective assistance of counsel may require a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension. Finch v. Vaughn, 67 F.3d 909, 914 (1995) (citations omitted).

8

This Court must be mindful that in a post-conviction challenge to a guilty plea, the representations of the defendant, his counsel, and the prosecutor at the plea hearing, plus the findings of the judge, constitute "a formidable barrier." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, a defendant's solemn declarations in open court carry a strong presumption of verity. Thus, later contentions by a defendant contrary to the record may be deemed wholly incredible based on the record.

Concerning a violation of probation (VOP), a defendant must demonstrate a reasonable likelihood that the outcome of his VOP hearing would have been different. Flowers v. State, 947 So. 2d 639, 640 (Fla. 4th DCA 2007) (per curiam). As noted by the state, when a defendant admits to violating probation, he "establishes prejudice by demonstrating a reasonable probability that, but for counsel's errors, the defendant would have insisted on proceeding to a revocation hearing. Gilbert v. State, 913 So. 2d 84, 86 (Fla. 2d DCA 2005) (citing Grosvenor v. State, 874 So. 2d 1176, 1181 (Fla. 2004))." Ex. M (Doc. 12-4 at 184). In short, the defendant claims he would not have admitted to the violation but for his counsel's poor advice.

## V.   GROUNDS ONE, THREE, & FIVE

Grounds one, three, and five of the Petition are interrelated and will be addressed together. In these grounds, Petitioner raises a claim of ineffective

assistance of trial counsel for failure to argue the probation violation was not relevant to deviant behavior pattern; for advising Petitioner to plead to a violation of probation that was not willful or substantial in light of the fact that the violation must be relevant to the deviant behavior, and it was not; and for informing Petitioner that the state's allegations of violation of probation was an actual violation, when in fact, it was not a violation.   Petition at 5-10, 14-16, 27-28.   Upon review, in grounds one, three, and five of his motion for postconviction relief, he raised comparable grounds.   Ex. M (Doc. 12-4 at 52-137).

Applying the <u>Strickland</u> standard, the circuit court denied these claims of ineffective assistance of trial counsel in a thorough and reasoned decision. <u>Id</u>. at 184-88, 190-91, 194.   Petitioner appealed the denial of post-conviction relief.   <u>Id</u>. at 260; Ex. N.   In its August 13, 2019 opinion, the 5th DCA affirmed per curiam.   Ex. O.   The mandate issued on September 9, 2019.   Ex. Q.   The 5th DCA denied rehearing on September 17, 2019.   Ex. P; Ex. R.

In denying post-conviction relief, the circuit court properly applied the two-pronged <u>Strickland</u> standard of review.   Ex. M (Doc. 12-4 at 184-85). Thus, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected these claims based on <u>Strickland</u>.   Further, Petitioner has not shown the state court unreasonably applied <u>Strickland</u> or

10

unreasonably determined the facts.   Indeed, upon review, the state court was objectively reasonable in its <u>Strickland</u> inquiry.   Furthermore, the 5th DCA affirmed.

The 5th DCA's decision, although unexplained, is entitled to AEDPA deference.   Ex. O.   Applying the look through presumption described in <u>Wilson</u>, the state's court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   The Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts.

As the threshold standard of <u>Strickland</u> has not been met, Petitioner has failed to demonstrate that his state court proceeding was fundamentally unfair and his counsel ineffective.   Thus, Petitioner has failed to demonstrate a Sixth Amendment violation under the United States Constitution.   The Court concludes Petitioner is not entitled to habeas relief on grounds one, three, and five of the Petition.   An explanation follows.

A brief procedural history will provide context for these grounds. Petitioner was charged by information with sexual activity with a child while in familial or custodial authority.   Ex. A (Doc. 12-2 at 25).   The information charged Petitioner with a felony of the first degree, alleging, on or about June

14, 2004, Petitioner unlawfully engaged in sexual activity (oral sex) with a child 12 years of age or older but less than 18 years of age while Petitioner was in a position of familial or custodial authority over the child. Id. The court entered Judgment and Sentence and imposed a split sentence of ten years in prison followed by ten years of sex offender probation. Id. at 54-68. Additionally, the court declared Petitioner a sexual predator. Id. at 67. The 5th DCA affirmed per curiam. Id. at 98. The mandate issued February 19, 2007. Id. at 96.

Petitioner's release from incarceration occurred on April 5, 2014, Ex. H (Doc. 12-4 at 17), and on October 13, 2015, he was arrested for violating his probation. The record demonstrates, on October 13, 2015, Officer David M. Luster completed a sworn Affidavit Violation of Probation (Affidavit), submitted under penalty of perjury, and a Violation Report (Report). Ex. M (Doc. 12-4 at 207-11). Officer Luster, the affiant, attested he instructed Petitioner on the conditions of Sex Offender Probation on April 7, 2014. Id. at 208. Officer Luster charged that Petitioner violated the conditions of Sex Offender Probation in a material respect by violating condition (G) of the Order of Probation. Id. Officer Luster explained that on October 13, 2015, Petitioner admitted to the officer that he had been viewing child pornography

over the past year. <u>Id</u>.  Officer Luster provided additional details in his

Report:

> On 10/13/15 the offender reported to the probation office and admitted to this probation officer that for over the past year he has been viewing pornography on his mother in law's computer.  Her name is Nancy Deaux and resides at the same address.  **The offender admits to viewing child pornography, specifically: adult penis against juvenile female public [sic] area images, nude female juvenile images, undeveloped female breast area, adult penis placed within female juvenile vagina.** This is in violation of Sex Offender Condition (G) as these images are "relevant to deviate behavior pattern."  A warrantless arrest was conducted and the offender was transported to the St[.] Johns county jail where he remains.  The officer is attempting to coordinate retrieval of the computer with SJSO.

<u>Id</u>. at 209 (emphasis added).   In his Report, Officer Luster additionally noted

Petitioner admitted to viewing child pornography.   <u>Id</u>.

Officer Luster completed a Charging Affidavit.  <u>Id</u>. at 213.  Therein, he

references the Sex Offender Probation Orders.  <u>Id</u>.  Of import, the Order of

Sex Offender Probation, <u>id</u>. at 256-59, dated January 30, 2006, provides, under

standard conditions, that the probationer will promptly and truthfully answer

all inquiries by the court or the probation officer.  <u>Id</u>. at 257.  Under Sex

Offender Conditions, it also provides: "(G) You shall not view, own, or possess

any obscene, pornographic or sexually stimulating visual or auditory material,

including telephone, electronic media, computer programs, or computer services that are relevant to deviate behavior pattern." Id. Finally, in pertinent part, it states: "You will submit to a reasonable search without a warrant by the probation officer of your person, residence or vehicle for weapons or firearms, alcoholic beverages, or controlled substances. The searches shall include examination of mail received to determine if post office boxes are being used of computer software." Id. at 258.

The plea colloquy of December 21, 2015 demonstrates the following. Crawford Pierce, an Assistant Public Defender, represented Petitioner. Ex. H (Doc. 12-4 at 3). Mr. Pierce announced that Petitioner was going to tender an admission and ask for an opportunity to speak in mitigation of sentence. Id. at 5. Petitioner provided sworn testimony. Id. Initially, the court asked Petitioner if he wanted to enter a plea admitting a violation of his probation on the first-degree felony charge of sexual activity with a child. Id. at 6. Petitioner confirmed that was his intent. Id. The court advised the maximum sentence is up to 30 years, with additional costs and fees. Id. Petitioner responded affirmatively. Id. Petitioner related he was 44 years old, he had some college, he could read and write, and English is his primary language. Id. He said he had not been treated for any mental or emotional disability and he did not suffer from mental illness. Id. at 7. He stated he

14

had not had any drugs or alcohol in the past 24 hours.   Id.   The court asked

Petitioner if he had discussed the implication of the Jimmy Ryce Act with

counsel, and Petitioner said he understood that was a possibility.   Id.

Petitioner confirmed that he had been read his rights and understood his

rights and that he understood that there would not be a hearing on the

violation.   Id. at 7-8.   The court inquired, "[y]ou understand that by entering

this plea this afternoon, admitting a violation of your probation, as charged

you are giving up those rights and there will not be a hearing on the violation?"

Id. at 8.   Petitioner responded, yes.   Id.   Petitioner also stated he understood

he was giving up his right to appeal all matters, "including the question of

whether or not you committed the violation."   Id.   Petitioner said no one has

used force, threats, pressure or intimidation to get him to enter the plea.   Id.

at 8-9.   He said no one had promised him anything.   Id. at 9.

Of importance, Petitioner attested he had talked to counsel about the

case and was satisfied with counsel's representation.   Id.   When the court

asked Petitioner what he had done to violate probation, Petitioner confirmed

he looked at pornography in violation of the terms of probation.   Id.   Counsel

responded that the state had showed him an e-mail where they seized his

computer and the state was unable to determine "the age of the children that

are depicted in the imagery[,]" but the images mostly would be characterized

15

as "child erotica." Id. at 10. Mr. Pierce explained that it was not chargeable, but it was in violation of the terms of probation. Id.

Upon inquiry from the court, Petitioner admitted to viewing pornography willfully. Id. He said the plea was in his best interest. Id. The court found Petitioner alert and intelligent and that he understood the nature and consequences of his plea. Id. Thereafter, the court found a factual basis to sustain the plea and deemed the plea acceptable to the court. Id.

Petitioner spoke, seeking mitigation of sentence. He attested he watched pornography and he began doing so after the first of the year. Id. at 11. He said he admitted it to his counselor, he wanted to stop, but he had become addicted. Id. He stated he went to his counselor for help and extra therapy sessions. Id. Petitioner testified that he began the more intensive form of treatment. Id. at 12. He said when the probation officer visited, Petitioner admitted to his actions and told the truth. Id.

In his argument, the prosecutor, Mr. Christopher Ferebee, noted Petitioner was only out of prison six or seven months before he started looking at child pornography. Id. at 17. Mr. Ferebee said, based on Detective Green's download of the computer, there was no chargeable child pornography found on the computer. Id. But Mr. Ferebee explained, "[p]er his own

admission, he's viewing what he described as juvenile nude females having sex." Id. Mr. Ferebee argued that the images and things actually found on the computer still constituted a violation of probation. Id. at 17-18. He described adult pornography on the computer, young females possibly 18 years of age, and "child erotica," described as "obvious children just displayed in erotic positions" wearing bathing suits. Id. at 18. Mr. Ferebee noted that although the "child erotica" is not considered to be child pornography, it still constitutes a violation of probation to view children in provocative positions "since he is here because he forced his own stepdaughter to perform oral sex on him in a car." Id. Mr. Ferebee added, Petitioner should not be watching young teenage girls performing sex. Id.

The prosecutor argued:

> So unlike a lot of these child pornography people, although he's not here charged with a – I understand specifically child pornography, but per his own admission and then serious evidence backs it up, he's viewing these things. And it's not someone we can't say he's not going to act on it.
>
> He obviously has incredibly poor impulse control. He's out of prison very little time. He's already looking at pornography and he's here because he forced a young girl who he had custodial authority over to perform oral sex on him. So regardless of how candid he may be being, the problem is there's no way to protect anyone unless he's incarcerated.

Id. at 18-19.

Mr. Pierce, in his argument, explained: "[b]ut, you know, it started as, at least the way it's been explained to me, where he's looking at bathing suit images and then it progresses to adult pornography and then eventually progressed to child pornography, and that's when he came forward and addressed the issue." Id. at 20. Immediately after counsel made this statement, Petitioner addressed the court. Id. at 20-21. He did not challenge or contradict Mr. Pierce's statement to the court. Instead, Petitioner told the court he was told to seek help and he did. Id. at 21. Thereafter, the court noted Petitioner admitted a violation of probation, revoked Petitioner's probation, and sentenced Petitioner to 17 and a half years to be followed by sex offender probation for 2 and a half years. Id. at 23.

Petitioner appealed. Ex. I. Counsel filed an Anders[3] brief. Ex. J. The 5th DCA affirmed per curiam. Ex. K. The mandate issued on September 30, 2016. Ex. L.

Petitioner now contends his admission went only to adult pornography. However, he advised the court he told his probation officer the truth, and the officer's affidavit referenced child pornography, not adult pornography.

---

[3] Anders v. California, 386 U.S. 738 (1967).

Petitioner did not challenge or object to the description of the offense as related in Luster's Affidavit.   Moreover, as noted by the circuit court, Petitioner never had a VOP hearing because he admitted to the violation, under oath.   Of course, the Affidavit speaks for itself, and it states Petitioner admitted to his probation officer that he had been viewing child pornography.   Ex. M (Doc. 12-4 at 208).   The supporting Report describes the child pornography in detail.   Id. at 209.   So too does the Charging Affidavit.   Id. at 213.

Petitioner told the court his plea was in his best interest.   Although the images of children found on the computer were determined to be non-chargeable because the children were wearing bathing suits, the children were described as posing in erotic positions.   Otherwise, the nude images found on the computer were of youth of an undeterminable age, un-chargeable because the youth could have been eighteen years of age.   Of import, Petitioner admitted to the court that he had problems which needed to be addressed as he was viewing these materials.   Indeed, these "sexually stimulating" visual materials were "relevant to deviant behavioral patterns" as Petitioner's victim for the primary offense was over the age of 12 but less than 18.

As such, the circuit court denied these three claims of ineffective assistance of counsel finding the images discussed during the plea colloquy are relevant to deviant behaviors.   Ex. M (Doc. 12-4 at 188).   Therefore, the court

19

held counsel was not ineffective for failure to argue otherwise.   Id. at 185-88.
The court found that the state need not show that the pornography that gave
rise to the VOP depicted children or constituted the deviant behavior he
initially was convicted of back in 2006.   Id. at 191.   The court concluded, it
was enough if the depictions were "relevant to deviant behavior," which was
certainly the case based on the record.   Id.

Again, the court found Petitioner failed to demonstrate his counsel was
ineffective for failure to advise Petitioner he did not violate his probation
because he did not indulge in the same deviant behavior for which he was
originally convicted.   Id. at 191.   The court also found Petitioner's contention
that he only intended to admit to viewing adult pornography was belied by the
record.   Id. at 194.   The attorney explained at the proceeding that although
un-chargeable offenses, Petitioner was viewing children in bathing suits
posing in erotic positions and viewing nude youth who may have been 18 years
of age.   These images were all recognized as relevant to deviant behavior.
Therefore, Petitioner's counsel was not ineffective for failure to advise
Petitioner that he had not violated his probation.   Id. at 194.

Upon review, AEDPA deference is due to the state court's decision.
Petitioner is not entitled to habeas relief on grounds one, three, and five.

20

## VI.  GROUND TWO

In ground two of the Petition, Petitioner contends his counsel performed deficiently because he failed to argue the subsequent imposition of probation upon violation of probation requires credit for the completed period of probation.  Petition at 12.  Petitioner raised a comparable claim in ground two of his Rule 3.850 motion.  Ex. M (Doc. 12-4 at 62-64).  The circuit court found that the credit appropriately applied only to the incarceration portion of his sentence, meaning the probation is unaffected by his award of credit.  Id. at 189-90.  The court opined, "Defendant's credit from his total previous period of incarceration of ten (10) years, and the subsequent few months of probation he had served before he violated his probation, when applied together would not exceed the 17½ year prison sentence imposed on Defendant following his violation of probation."  Id. at 190.  Thus, the court found counsel had no basis to argue that Petitioner should have been credited with time previously served to his new probationary sentence.  Id.

As noted by Respondents, Florida law provides that when a trial court imposes a new split sentence following a violation of probation, the court must give credit for any time previously served on probation "only if the new period of probation together with the other sanctions and the time previously served on probation total more than the statutory maximum for the underlying

offense." Response at 15 (citing Edwards v. State, 59 So. 3d 1177 (Fla. 5th DCA 2011) (per curiam)). In Petitioner's case, his sentence of 17½ years followed by 2½ years of probation does not exceed the statutory maximum, even accounting for the previously served probationary amount of 18 months. See Response at 15-16. Therefore, under Florida law, Petitioner would not be entitled to credit for time previously served on probation where the total together did not exceed the statutory maximum for the offense, thirty years.

Counsel did not perform deficiently by failing to raise a meritless objection. See Hollis v. United States, 958 F.3d 1120, 1124 (11th Cir. 2020) (per curiam) (failure to raise meritless objection not constitutionally ineffective). The circuit concluded it would be a meritless argument to make; therefore, counsel did not perform deficiently in failing to make the argument. The 5th DCA summarily affirmed the circuit court's decision.

The Court finds the state court's determination is consistent with federal precedent. The 5th DCA's decision, although unexplained, is entitled to AEDPA deference. Applying the look through presumption described in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. In brief, the state court's adjudication of the claim is not contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of

22

the facts based on the evidence presented.   Therefore, this claim is due to be denied.

To the extent this claim presents an issue purely of state law, asking this Court to interpret Florida sentencing law, the claim is not cognizable on federal habeas review.   Apparently, this claim involves a statutory interpretation of state law by state courts, not a claim of constitutional dimension that Petitioner is in custody in violation of the Constitution or law or treaties of the United States.   28 U.S.C. § 2254(a).   Of import, the writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam)), cert. denied, 531 U.S. 1170 (2001).

This Court will not reexamine state-court determinations on issues of state law.   See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).   As the Eleventh Circuit has instructed, "state law is what the state courts say it is." Pinkney v. Sec'y, DOC, 876 F.3d 1290, 1299 (11th Cir. 2017), cert. denied, 139 S. Ct. 193 (2018).   Indeed, "it is not a federal court's role to examine the propriety of a state court's determination of state law." Id.

Florida courts are the expositors of the state's laws.   This Court's role does not include reexamining state-court determinations on state-law

23

questions.   As such, a federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate.   McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).   To the extent Petitioner's claim raised in ground two presents an issue that is not cognizable in this habeas proceeding, it cannot provide a basis for federal habeas corpus relief.   Furthermore, the Court finds there is no breach of a federal constitution mandate and Petitioner is not entitled to federal habeas relief. Therefore, ground two is due to be denied.

## VII.   GROUND FOUR

In his fourth ground for relief, Petitioner claims his counsel, in failing to make an argument that the imposed sentence is invalid, vindictive, and cruel and unusual punishment, deprived him of the effective assistance of counsel in violation of the Sixth Amendment and subjected Petitioner to an Eighth Amendment violation.   Petition at 18.   Petitioner exhausted this claim by raising it in ground four of his post-conviction motion.   Ex. M (Doc. 12-4 at 66-68).   The circuit court denied the claim, and the 5th DCA affirmed.

Petitioner complains his conduct was not criminal and the sentence bears no relationship to crime for which he was initially convicted.   The court summarily rejected this contention as being wholly meritless.   Ex. M (Doc. 12-

24

4 at 192).   The record shows Petitioner was convicted of a first-degree felony punishable by up to thirty years in prison.   As noted by the circuit court, a probationary violation is not required to be a criminal offense (Coveny v. State, 26 So. 3d 663 (Fla. 3d DCA 2010) (failure to report to a probation officer may constitute a revocable action)).   See Clark v. State, 307 So. 3d 24, 25 (Fla. 4th DCA 2020) (per curiam) (failure to meet curfew may constitute a revocable action).

Of course there were multiple reasons justifying the revocation of Petitioner's probation and the court's imposition of a new split sentence, including Petitioner's viewing child erotica in violation of a probationary condition and Petitioner's admission to his probation officer that he had been viewing child pornography, something to which the probation officer would certainly have testified to if Petitioner had not pled to the charged violation.

The 5th DCA's decision, although unexplained, is entitled to AEDPA deference.   Applying the look through presumption described in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   In brief, the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland and its progeny or based on an unreasonable determination of the facts. Therefore, ground four is due to be denied.

25

Finally, Petitioner's sentence does not constitute an Eighth Amendment

violation.   In <u>Graham v. Fla.</u>, 560 U.S. 48, 58–59 (2010), as modified (July 6,

2010), the Supreme Court opined:

> The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." To determine whether a punishment is cruel and unusual, courts must look beyond historical conceptions to "'the evolving standards of decency that mark the progress of a maturing society.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 102, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) (quoting <u>Trop v. Dulles</u>, 356 U.S. 86, 101, 78 S. Ct. 590, 2 L.Ed.2d 630 (1958) (plurality opinion)). "This is because '[t]he standard of extreme cruelty is not merely descriptive, but necessarily embodies a moral judgment. The standard itself remains the same, but its applicability must change as the basic mores of society change.'" <u>Kennedy v. Louisiana</u>, 554 U.S. 407, 419, 128 S. Ct. 2641, 2649, 171 L.Ed.2d 525 (2008) (quoting <u>Furman v. Georgia</u>, 408 U.S. 238, 382, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972) (Burger, C.J., dissenting)).
>
> The Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances. <u>See, e.g.</u>, <u>Hope v. Pelzer</u>, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002). "[P]unishments of torture," for example, "are forbidden." <u>Wilkerson v. Utah</u>, 99 U.S. 130, 136, 25 L.Ed. 345 (1879). These cases underscore the essential principle that, under the Eighth Amendment, the State must respect the human attributes even of those who have committed serious crimes.

26

Petitioner may be contending, not that his sentence is inherently barbaric, but that it is disproportionate to the crime. "Florida courts have been reluctant to declare a prison sentence unconstitutional because of its length," and "[t]he Florida Supreme Court has held that in order for a prison sentence to constitute cruel and unusual punishment solely because of its length, the sentence must be grossly disproportionate to the crime." Paul v. State, 277 So. 3d 232, 240 (Fla. 1st DCA 2019) (quoting Solem v. Helm, 463 U.S 277, 290 (1983)).

When a defendant has already been tried and convicted of the first-degree felony offense, a probation-violation charge results in a probation-revocation hearing, where the court decides whether to modify the conditions of probation or to resentence the probationer. See Price v. Hetzel, No. 2:12cv824-WH, 2015 WL 915480, at *3 (M.D. Ala. Mar. 3, 2015) (not reported in F.Supp.3d) (citations omitted). Here, Petitioner pled to the probation-violation charge. Once the plea was accepted, the court decided to sentence Petitioner to another split sentence. As Petitioner had already been convicted of a first-degree felony and then pled to the violation of his probation for that offense, his sentence of 17½ years followed by 2½ years of probation, even accounting for the previously served probationary amount of 18 months, is not an extreme sentence, grossly disproportionate to the crime of conviction, as it

27

does not exceed the statutory maximum of thirty years for the first-degree offense.   Thus, Petitioner is not entitled to habeas relief on ground four.

## VIII.   GROUND SIX

In ground six of the Petition, Petitioner asserts his counsel was ineffective for failure to object to and correct grossly misleading and incorrect statements made by the prosecutor.   Petition at 29.   Petitioner claims these statements were relied on by the court, resulting in the judge considering materially false information in making his decision to revoke probation and in sentencing Petitioner.   Id.

Initially, Petitioner complains that the state did not put on evidence of any violation of probation, including failure to present pornographic images. Id.   There is a fundamental disconnection in Petitioner's argument. Petitioner pled to the violation in his best interest.   He admitted to the factual basis through his own statements and his counsel provided support for those admissions.   The state was not required to present any evidence.   The court advised, "[y]ou understand that by entering this plea this afternoon, admitting a violation of your probation, as charged you are giving up those rights and there will not be a hearing on the violation?"   Ex. H (Doc. 12-4 at 8). Petitioner responded in the affirmative.   Id.

28

Additionally, although Petitioner asserts the prosecutor falsely stated Petitioner admitted to child pornography, the record shows the court had before it the affidavit of violation of probation, which specifically states that on October 13, 2015, Petitioner admitted to Officer Luster that he had been viewing child pornography over the past year. Ex. M (Doc. 12-4 at 208). Thus, the prosecutor's statement was not false and there was no reasonable basis for counsel to object as Petitioner pled as charged. Of import, the circuit court found Petitioner failed to establish prejudice as he was given an opportunity to engage in his own rebuttal and he failed to challenge the state's assertions, although given the opportunity. Id. at 195.

In closing argument, the prosecutor referred to the "download of his computer." Ex. H (Doc. 12-4 at 17). Petitioner takes issue with this statement, because he claims the computer actually belonged to his mother-in-law, although Petitioner lived with his mother-in-law. See id. at 14-15. Petitioner complains his counsel ineffectively failed to object to the prosecutor's alleged misstatement. The court soundly rejected this contention, finding it mattered not whether the images were found on Petitioner's computer or his mother-in-law's computer, because Petitioner had stipulated to viewing the images proscribed by his probation. Ex. M (Doc. 12-4 at 195-96). Therefore,

the prosecutor's statement was immaterial, and Petitioner cannot establish prejudice resulting from counsel's failure to object.

As to Petitioner's complaint that the prosecutor never showed or provided testimony that images on the computer could easily be overwritten, the court found this to be of no import because Petitioner had already admitted to the violation. Id. at 196. As a result, counsel did not perform deficiently for failure to object. Id. Furthermore, the court found the statement immaterial, noting the state had already conceded that it did not find chargeable pornography on the computer. Id. As such, there was no prejudice to the defense as Petitioner pled to the violation and the state conceded that the images found on the computer were not chargeable offenses.

Petitioner asserts that the prosecutor misrepresented Petitioner's statements to the court. Of course, the record of the proceeding speaks for itself. Petitioner stated he viewed pornography. He was charged with viewing child pornography. He pled to the charged offense. Looking at the Affidavit Violation of Probation and the Violation Report, the probation officer described the child pornography Petitioner admitted to viewing. Id. at 208-209. Counsel was not ineffective for failure to object to the prosecutor's statements in light of these documents and based on Petitioner's admission to

30

viewing the images, without challenging how the images were characterized. Id. at 197.

Petitioner contends his counsel should have objected to the prosecutor's description of images, claiming the prosecutor relied on the description made by others, like the detective, or simply relied on a report concerning the images. This matters not. Petitioner had already made his admission. The prosecutor was simply making closing argument and attorneys are permitted wide latitude in closing arguments. Hammond v. Hall, 586 F.3d 1289, 1335 (11th Cir. 2009) (finding court reasonably applied Strickland in denying claim of ineffective assistance of counsel because petitioner failed to establish that failure to move for a mistrial based on prosecutorial misconduct outside the wide range of reasonable professional assistance), cert. denied, 562 U.S. 1145 (2011). Counsel did not perform deficiently in failing to object to this closing argument. Indeed, the circuit court found "counsel would have had no legitimate basis for objecting to the argument." Ex. M (Doc. 12-4 at 198).

Similarly, in his seventh contention, Petitioner asserts his counsel should have objected to the prosecutor's description of non-criminal images, referred to as child erotica or female children dressed in bathing suits, posing in erotic positions. Petitioner complains that the prosecutor submitted these images should be illegal, even though society and the legislature have

31

concluded otherwise.    The circuit court rejected Petitioner's claim of ineffective assistance of counsel based on Petitioner's admission of viewing the images described as child erotica.    Ex. M (Doc. 12-4 at 198).    As to Petitioner's assertion that the prosecutor believed the images of children in bathing suits should be illegal, the court found this argument unpersuasive, as the prosecutor merely commented that images of children in bathing suits, posing in erotic positions, are not considered to be child pornography.    Id.    The court found, "[n]othing within this statement indicates ASA Ferebee personally believes the viewing of child erotica should be criminalized, nor does his personal belief have any bearing on the sentence imposed."    Id.    Finding neither deficient performance nor prejudice, the court denied post-conviction relief.    Id.

The court made its findings, applied the Strickland standard of review, and denied relief.    Petitioner has failed to satisfy the two-pronged Strickland standard of review and is not entitled to relief on this claim.

Petitioner continues in this vein in his eighth contention of ineffective assistance of counsel for failure to object to prosecutorial misconduct.    Not only does Petitioner re-allege his contention that the prosecutor was attempting to criminalize "child erotica," he also contends the prosecutor made misrepresentations that the images found on the computer were of teenage

32

girls performing sex, when the state already conceded that the images were non-criminal in nature as the age of the girls was un-determinative.   Again, the court found no basis for objection, rejecting the claim of ineffectiveness as there would be no basis for defense counsel to object to these statements.   Id. at 199.

The record demonstrates Petitioner pled to the offense, as charged. Thus, Petitioner pled to viewing child pornography.   The actual images found on the computer were non-chargeable offenses, as conceded by the state, but they still constituted a violation of probation.   The prosecutor readily admitted during closing argument, "there was no chargeable child pornography found on the computer."   Ex. H (Doc. 12-4 at 17).   The prosecutor did refer to Petitioner's admission to the offense of "juvenile nude females having sex."   Id.   See Violation Report, Ex. M (Doc. 12-4 at 105). However, the prosecutor, in closing, once again clarified that the images found on the computer were of non-determinative ages.   Ex. H (Doc. 12-4 at 18). These statements of the prosecutor were not false or misleading as they reflected Petitioner's admission and plea, along with the nature of the images found on the computer.   As such, there was no basis to object.

Petitioner, in his ninth contention, asserts the prosecutor overstepped his bounds by referring to Petitioner as "these child pornography people."

33

Petition at 31.   Upon review of the transcript, Petitioner mischaracterizes the

prosecutor's statement.   The prosecutor actually said:

> So unlike a lot of these child pornography
> people, although he's not here charged with a – I
> understand specifically child pornography, but per his
> own admission and then serious evidence backs it up,
> he's viewing these things.   And it's not someone we
> can't say he's not going to act on it.

Ex. H (Doc. 12-4 at 18).

The court opined the prosecutor was attempting to distinguish Petitioner

from other defendants.   Ex. M (Doc. 12-4 at 199).   The circuit court, in

denying this claim, deemed this permissible argument.   <u>Id</u>.   As such, there

was no basis for objection.   <u>Id</u>.   Of import, the court received testimony from

Petitioner, his wife, and mother-in-law prior to the argument of the prosecutor.

The record shows the prosecutor, while noting Petitioner was unlike other

defendants, argued Petitioner's admission was important as the images were

sexually stimulating and were relevant to his underlying conviction of sexual

activity with a child.   Ex. H (Doc. 12-4 at 18).   Thus, the prosecutor

persuasively argued Petitioner violated a condition of his probation.   This was

within the bounds of proper argument.   There was nothing improper about

the comments and counsel did not perform deficiently in failing to object.

Once again, Petitioner complains the evidence of a violation was not presented to the court. Petition at 31. Petitioner pled to the violation; therefore, the state was under no obligation to put on evidence. Petitioner told the court the plea was in his best interest. Ex. H (Doc. 12-4 at 10). He admitted to willfully viewing pornography. Id. Thereafter, the court reasonably found a factual basis to support the plea. Id.

The circuit court rejected Petitioner's claim, finding counsel would have no basis for objecting to the statement at issue. The court appropriately applied the Strickland standard. It did not unreasonably determine the facts. The court found trial counsel was not deficient for any failure to object. The ruling was not contrary to and did no involve an unreasonable application of clearly established federal law.

In his tenth contention under ground six, Petitioner asserts the prosecutor improperly suggested Petitioner may commit future crimes. Petition at 32. The court rejected this claim finding the prosecutor's argument "within his bounds" as it referred to "Defendant's viewing of the subject images, which had been categorized as depicting young women having sex and child erotica[,]" which "indicated a lack of impulse control that could bear on his future propensity to commit a similar offense." Ex. M (Doc. 12-4 at 200).

Of import, Petitioner testified to the same.   He admitted watching pornography and to his addiction to watching pornography.   Ex. H (Doc. 12-4 at 11).   Mr. Pierce advised the court that Petitioner started by looking at bathing suit images, then progressed to adult pornography, and "eventually progressed to child pornography[.]" Id. at 20.   Although given the opportunity to speak to the court immediately after counsel made this statement, Petitioner did not express any objection to counsel's statement, otherwise challenge the statement, or tell the court defense counsel misspoke.   Id. at 20-22.   The probation officer submitted a Violation Report stating Petitioner admitted to viewing child pornography, describing the child pornography in detail.   Ex. M (Doc. 12-4 at 209).   The court announced its decision was based on the affidavit of violation of probation and Petitioner's "having admitted a violation of [his] probation."   Ex. H (Doc. 12-4 at 23).

Under these circumstances, counsel's performance was well within the bounds of reasonable professional assistance.   Indeed, a defense attorney need not make meritless motions or objections that would not have obtained relief. Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019).   Petitioner could not prevail on his claim of ineffective assistance of counsel as he did not satisfy the performance prong of Strickland.   The record supports the state courts' conclusions, showing counsel's performance was well within the broad range of

reasonable assistance under prevailing professional norms.   Ex. M (Docs. 12-4 at 200); Ex. O.

In his eleventh contention, Petitioner asserts that the prosecutor improperly expressed his opinion that Petitioner has poor impulse control. Petition at 32.   Finding this comment an appropriate characterization of Petitioner's impulse control issues concerning viewing pornographic and sexually stimulating images, the court concluded an objection was not sustainable.   Ex. M (Doc. 12-4 at 200).

Petitioner has not shown that counsel's performance fell below an objective standard of reasonableness in failing to object.   Petitioner told the court he had tried to stop watching pornography, but he found he could not stop due to his addiction.   Ex. H (Doc. 12-4 at 11).   Thus, the prosecutor's comments were based on Petitioner's admission to the court.

In his twelfth and final contention under this ground, Petitioner argues the prosecutor overzealously attempted to retry Petitioner for his original crime of sexual activity with a child.   Petition at 32.   As noted by Respondents, the references to the original offense were simply for the purpose of showing Petitioner's actions were "relevant to deviate behavior pattern" (Sex Offender Condition (G), the charged violation).   Ex. M (Doc. 12-4 at 108, 208, 257).   The charge concerned Petitioner violating his probation by viewing

sexually stimulating visual materials relevant to his deviate behavior.   The

circuit court found: "ASA Ferebee merely argued that Defendant's viewing of

pornographic images, which were related to his underlying offense,

immediately following his release from incarceration indicated his lack of

impulse control, and upon revocation of his probation the appropriate

punishment was consequently further incarceration."   Id. at 200-201.   Again,

the court found no basis for an objection to the prosecutor's argument as it was

not an attempt at retrial.   Petitioner had already been convicted.   There was

no need to retry Petitioner for the original offense.   Also, the argument was

properly related to the charge of a probation violation of probation Condition

G.

Here, the state court properly applied the two-pronged Strickland

standard of review; therefore, Petitioner cannot satisfy the "contrary to" test of

28 U.S.C. § 2254 (d) (a).   After reviewing all of Petitioner's contentions, the

Court finds Petitioner has failed to show that the state court unreasonably

applied Strickland or made an unreasonable determination of the facts.   The

state court was objectively reasonable in its inquiry and the 5th DCA's

adjudication of the claim raised in ground six is not contrary to or an

unreasonable application of Strickland and its progeny or based on an

unreasonable determination of the facts. Therefore, ground six is due to be denied.

## IX.   GROUND SEVEN

In his seventh ground, Petitioner claims his counsel was ineffective for allowing the court to accept Petitioner's plea admitting to a violation of his probation without first finding a factual basis properly established to support the plea, resulting in a Sixth Amendment and a due process violation. Petition at 37.   Petitioner raised a comparable claim in ground seven of his post-conviction motion, the court denied relief, and the 5th DCA affirmed.

In denying the Rule 3.850 motion the circuit court found, not only did Petitioner admit to the violation, but the trial court had before it the Affidavit, the Report, and the Charging Affidavit, all of which "established a factual basis for his admission." Ex. M (Doc. 12-4 at 201).   Upon review of the transcript of the proceeding, the trial court stated, based on the affidavit of violation of probation and Petitioner's admission, it was revoking Petitioner's probation and sentencing Petitioner anew.   Ex. H (Doc. 12-4 at 23).   In rejecting Petitioner's claim of ineffectiveness of counsel, the circuit court found that since there was an established factual basis for the plea, counsel was not ineffective for allowing Petitioner to admit to his conduct supporting the finding of a violation.   Ex. M (Doc. 12-4 at 201).

The transcript of the plea proceeding demonstrates Petitioner admitted viewing pornography in violation of the terms of probation. Id. at 9. Defense counsel said, even if not separately chargeable, he was shown that Petitioner viewed child erotica in violation of the terms of his probation. Id. at 9-10. Petitioner confirmed he willfully viewed "pornography" and was admitting to a violation of his probation in his best interest. Id. at 10. The court found there was a factual basis for the plea. Id. Of import, the Affidavit before the court stated Petitioner admitted to Officer Luster, on October 13, 2015, that Petitioner was viewing child pornography over the past year. Ex. M (Doc. 12-4 at 208). In his Report, Officer Luster provided the specifics of the viewed child pornography as described to him by Petitioner. Id. at 209.

The Court finds the state court's determination is consistent with federal precedent. As such, AEDPA deference is due. In applying the look-through presumption described in Wilson, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. Thus, the 5th DCA's adjudication of the claim is not contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts. Ex. O. Petitioner is not entitled to habeas relief on ground seven of the Petition.

40

Petitioner has not satisfied the two-pronged <u>Strickland</u> standard.  As the threshold standard has not been met, Petitioner has failed to demonstrate that his state court proceeding was fundamentally unfair and his counsel ineffective.   Petitioner has failed to demonstrate either a Sixth or Fourteenth Amendment violation under the United States Constitution.   Therefore, ground seven is due to be denied.

## X.  GROUND EIGHT

In his eighth ground, Petitioner raises a claim of ineffective assistance of counsel for failure to challenge his arrest and prosecution for his violation of probation based upon a claim of an illegal search and seizure, a violation of the psychotherapist-patient privilege, arbitrary and oppressive conduct of a probation officer, and due to the evidence not amounting to criminal activity. Petition at 46.   Petitioner raised a comparable claim in his Rule 3.850 motion.

As part of the Sex Offender Conditions (Condition C), Petitioner was required to actively participate in and successfully complete a sex offender treatment program, as directed by the probation officer.   Ex. M (Doc. 12-4 at 257).   The court found the probation officer was authorized to inquire as to Petitioner's viewing of pornography pursuant to condition 8 of the standard conditions of probation.   <u>Id</u>. at 203.   Condition 8 provides, "[y]ou will promptly and truthfully answer all inquires [sic] directed to you by the court

41

or your officer, and allow the officer to visit in your home, at your employment site, or elsewhere, and you will comply with all instructions your officer may give you." Id. at 257. As such, the court found there were no grounds for counsel to challenge the probation officer's inquiry. Id. at 203.

In addition, the court found there were no grounds for counsel to present a challenge to the search and seizure of the mother-in-law's computer because of Condition J. Id. Condition J provides: "[y]ou will submit to a reasonable search without a warrant by the probation officer of your person, residence or vehicle for weapons or firearms, alcoholic beverages, or controlled substances. The searches shall include examination of mail received to determine if post offices boxes are being used and of computer software." Id. at 258. The record demonstrates that the probation officer coordinated retrieval of the computer with the St. Johns County Sheriff's Office (SJSO). Id. at 105. Also, "a warrantless arrest was conducted and the offender was transported to the St. Johns county jail[.]" Id.

The court opined it was a permissible search and any challenge would have been meritless, relying on State v. Harrell, 162 So. 3d 1128, 1132 (Fla. 4th DCA 2015) (a warrantless search by a law enforcement officer supported by reasonable suspicion and authorized by a probation condition requiring probationer to consent to searches was reasonable under the Fourth

42

Amendment) (citations omitted).   (Doc. 12-4 at 204).   Thus, counsel would not

be deemed ineffective for failure to challenge the search and seizure.

The court further rejected Petitioner's claimed breach of psychotherapist-patient privilege, finding his argument flawed.   Id.   The court explained:

> Defendant argues that he only admitted viewing adult pornography to his therapist.   If this assertion is to be taken as true, it follows that Defendant's probation officer must have had an independent basis for suspecting Defendant was viewing child pornography, and any breach of psychotherapist-patient privilege would consequently be immaterial.   Further, since the Defendant admitted to his probation officer that he viewed pornography that his probation officer considered to be child pornography, this independently gave rise to reasonable suspicion to permit a warrantless search of the computer, as discussed above.

Id. at 204-205.

The 5th DCA affirmed the decision of the circuit court denying post-conviction relief on ground eight of the Rule 3.850 motion.   Ex. O.   Therefore, there is a qualifying state court decision.   In this case, AEDPA deference is due.

Based on the record, the probation officer did not exceed the scope of his authority.   As a consequence, there was no reasonable basis for defense counsel to challenge the probation officer's actions.   As part of his probation,

43

Petitioner had to complete a sex offender treatment program, as directed by the probation officer.   As a condition of his probation, Petitioner was required to answer his probation officer's questions truthfully.   Petitioner admitted to viewing pornography to the probation officer and the probation officer considered it to be child pornography; therefore, this gave rise to a reasonable suspicion to conduct a warrantless search.   The court specifically found, if there was a breach of psychotherapist-patient privilege, it was immaterial. As a condition of his probation, Petitioner was subject to warrantless searches. Petitioner's probation officer coordinated the search and seizure, using officers from SJSO, as he was entitled to do based on Petitioner's probationary status and the officer's reasonable suspicion of Petitioner who was subject to searches as a condition of probation.   Indeed,

> "Probation, like incarceration, is 'a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty.'" Griffin,[4] supra, at 874, 107 S. Ct. 3164 (quoting G. Killinger, H. Kerper, & P. Cromwell, Probation and Parole in the Criminal Justice System 14 (1976)). Probation is "one point ... on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service." 483 U.S., at 874, 107 S. Ct. 3164. Inherent in the very nature of probation is that probationers "do not enjoy 'the absolute liberty to which every citizen is entitled.'" Ibid. (quoting Morrissey v. Brewer, 408 U.S. 471, 480,

---

4   Griffin v. Wisconsin, 483 U.S. 868 (1987).

92 S. Ct. 2593, 33 L.Ed.2d 484 (1972)). Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.

United States v. Knights, 534 U.S. 112, 119 (2001).

There were legitimate governmental interests as a probationer "will be more likely to engage in criminal conduct than an ordinary member of the community." Id. at 121. Of import, a probation officer needs a reasonable suspicion, not probable cause, to have a search conducted. See United States v. Carter, 566 F.3d 970, 974-75 (11th Cir.) (per curiam) (using the balancing test articulated in Knights and noting the probationer was required to answer all inquiries made by his probation officer, but also recognizing that Carter's expectation of privacy was higher because he did not have certain conditions in place, like requiring the submission to warrantless searches or the condition of the regulation of his computer), cert. denied, 588 U.S. 1026 (2009); United States v. Gomes, No. 1:06-CR-037-SPM, 2007 WL 189447, at *2 (N.D. Fla. Jan. 23, 2007) (not reported in F.Supp.2d) (finding, under the totality of the circumstances approach of Knights, the agents and probation officer acted within the bounds of the Fourth Amendment). Moreover, there is no need for the probation officer to conduct an administrative search before the police go

45

in to conduct a warrantless search as long as reasonable suspicion is present. Benya v. State, 985 So. 2d 578 (Fla. 4th DCA 2008). Finally, a warrantless search of a probationer's home by his probation officer is considered reasonable and non-dependent upon any express search condition in a probation order. Harrell v. State, 162 So. 3d at 1131 (citing Grubbs v. State, 373 So. 2d 905, 909-10 (Fla. 1979)).

As for Petitioner's claim that his counsel was ineffective for failure to challenge the evidence as not amounting to criminal activity, that contention simply has no merit. In Florida, the conduct serving as a basis for a violation of probation does not have to constitute a separate punishable criminal offense. Violations of probationary conditions, like failure to report or meet curfew, may constitute probationary violations. As such, the trial court found counsel's conduct reasonable under the circumstances presented. The 5th DCA affirmed. The state court record supports the state court's conclusions, demonstrating counsel's performance was well within the broad range of reasonable assistance under prevailing professional norms.

The state court properly applied the two-pronged Strickland standard of review. Ex. M (Doc. 12-4 at 184-85). Thus, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected the claim based on Strickland. Furthermore, Petitioner has failed to show that the

46

state court unreasonably applied <u>Strickland</u> or unreasonable determined the facts.   Indeed, the state court was objectively reasonable in its inquiry and the 5th DCA affirmed the decision.   The 5th DCA's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts.   Therefore, ground eight is due to be denied.

## XI.   GROUND NINE

In his final ground for relief, Petitioner raises a claim that the cumulative errors of counsel amounted to ineffective assistance of counsel in violation of the Sixth Amendment.   Petition at 58.   Petitioner included this contention in his Rule 3.850 motion.   The circuit court summarily denied this ground, noting that all of the grounds in the motion were denied.   Ex. M (Doc. 12-4 at 205).   The 5th DCA affirmed.   Ex. O.

The Eleventh Circuit opined, "to the extent that [a] claim of cumulative error was based on his claims of ineffective assistance of counsel, this claim fails because, as discussed above, counsel did not render ineffective assistance, and, therefore, there can be no cumulative error."   <u>Pierre v. United States</u>, No. 18-12038-A, 2019 WL 5967873, at *2 (11th Cir. May 30, 2019) (citing <u>United States v. Gamory</u>, 635 F.3d 480, 497 (11th Cir. 2011) (if no error or only a single error, there can be no cumulative error)).   As such, the cumulative effect of

Petitioner's grounds of ineffective assistance of counsel does not provide the foundation for granting federal habeas relief since none of his grounds provide a basis for federal habeas relief.   As such, ground nine is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.    This action is **DISMISSED WITH PREJUDICE**.

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[5]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE

sa 10/22
c:
Charlie Vernon Small, Jr.
Counsel of Record

49